**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JUANA SOLIS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-0464-P (BF) |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U. S. C. § 636(b), the District Court referred this case to the United States

Magistrate Judge for findings, conclusions, and recommendation. This is an appeal from the decision

of the Commissioner of the Social Security Administration ("Commissioner") denying the claim of

Juana Solis ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social

Security Act (the "Act"). The Court has considered Plaintiff's Brief, filed June 21, 2010,

Defendant's Brief, filed July 14, 2009, and Plaintiff's Reply Brief, filed July 26, 2010. The Court

has reviewed the parties' evidence in connection with the pleadings and hereby recommends that

the District Court REVERSE and REMAND the Commissioner's decision.

## I. BACKGROUND[1]

### A. Procedural History

Plaintiff filed an application for DIB on September 11, 2007, claiming a disability onset date

of February 1, 2004. (Tr. 94; 97.) Plaintiff's application was denied both initially and upon

---

[1]The following history comes from the transcript of the administrative proceedings, which is designated as "Tr."

reconsideration. (Tr. 31; 38.) Plaintiff timely requested a hearing before an Administrative Law

Judge ("ALJ"). (Tr. 41.) The ALJ conducted the *de novo* administrative hearing in Dallas, Texas on

March 26, 2009. (Tr. 306.) Plaintiff appeared at the hearing with a representative and testified with

the help of a Spanish interpreter. (Tr. 308.) A vocational expert ("VE") and a medical expert ("ME")

also testified. (Tr. 321-23.) At the hearing, Plaintiff amended her disability onset date to December

31, 2005. (Tr. 13; 91.)

On April 24, 2009, the ALJ issued his Notice of Decision finding Plaintiff "not disabled" as

defined by the Act. (Tr. 7.) Plaintiff requested and was denied review of the ALJ's decision by the

Appeals Council. (Tr. 21; 1.) Plaintiff filed this case on March 5, 2010, seeking judicial review of

the administrative proceedings pursuant to 42 U.S.C. § 405(g). (Doc. 1.) This matter is ripe for

consideration on the merits.

### B. Factual History

1. Plaintiff's Age, Education, and Work Experience

Plaintiff's date of birth is June 24, 1956. (Tr. 94.) Plaintiff did not complete high school and

did not obtain a GED. (Tr. 310.) She has no other specialized training or education. (Tr. 17.)

Plaintiff has past relevant work as a housekeeper. (Tr. 16.)

2. Plaintiff's Medical Evidence

Plaintiff's medical records show that she suffers from diabetes, morbid obesity, and high

blood pressure with swelling in her feet and legs. (Tr. 168; 185; 222; 229; 249; 264.) Plaintiff also

has a history of umbilical hernia repair in October 2003 and a recurrence in May 2006. (Tr. 271.)

Plaintiff underwent a right rotator cuff repair in October 1997. (Tr. 355.) Her medical records show

she complained of right shoulder pain in July 2007. (Tr. 168.) She also underwent a left carpal

tunnel release and ulnar nerve release of the left wrist and elbow in August 1998. (Tr. 348.) In April

2007, X-rays showed Plaintiff has mild degenerative joint disease in both knees. (Tr. 194.) The

medical records show Plaintiff was diagnosed with depression and anxiety in 2004. (Tr. 213.) At that

time she was also given a diagnosis of claustrophobia yet to be ruled out. (Tr. 213.)

### 3. Plaintiff's Hearing

Plaintiff was represented by counsel at the March 26, 2009 hearing. (Tr. 306.) She testified

with the assistance of a Spanish interpreter. (Tr. 308.) Plaintiff testified that she attended school in

Mexico through the fifth grade. (Tr. 310.) She is able to read a little in English. (Tr. 310-11.) She

is five feet tall and weighs 275 pounds. (Tr. 311-12.) She is right handed. (Tr. 312.) She worked as

a housekeeper in a private home from 1982 until 2004. (Tr. 312-13.) In that job, she was responsible

for cleaning the house and taking care of four children. (Tr. 313.) The job required her to lift a

maximum of fifty pounds. (Tr. 314.) She left the job because she became unable to lift her arms in

order to perform the cleaning. (Tr. 315.) Before leaving her job, she underwent rotator cuff, tendon

release, carpal tunnel hiatal hernia, and hernia repair surgeries. (Tr. 315.) She was diagnosed with

diabetes six years prior to the hearing. (Tr. 315.)

Plaintiff testified that she has a lot of problems walking. (Tr. 316; 320.) She has had

problems walking since at least 2005.(Tr. 320.) She is only able to walk half a city block at one time.

(Tr. 316.) Doctors told her she has arthritis in her feet. (Tr. 316.) She is unable to dress herself or

tie her shoes, but she is able to take showers by herself. (Tr. 317.) She is unable to wash or dry her

hair. (Tr. 319.) She is only able to sit for a period of thirty minutes at one time due to pain in her

back, but she has not suffered any back injuries. (Tr. 317-18.) She can only stand for a period of

fifteen minutes at a time. (Tr. 318.) She is able to lift a gallon of milk but is unable to lift two or

three pounds repeatedly throughout the day. (Tr. 318; 320.) Her doctors have instructed her to lose weight, but she has been able to do so. (Tr. 318.) She testified that her doctors think she has been under a lot of stress and depression. (Tr. 318.)

The ALJ then examined the ME. (Tr. 321.) The ME testified that Plaintiff has morbid obesity, diabetes, and hypertension. (Tr. 322.) She had an umbilical hernia repair in October of 2003 followed by a recurrence in May 2006. (Tr. 322.) He has not seen any records of the carpal tunnel or shoulder surgeries,[2] but she did undergo surgery for reflex in April 2003. (Tr. 322.) He testified that in 2007, there is documentation of mild degenerative joint disease in both knees. The ME then testified that, based on the foregoing medical conditions, Plaintiff could do light work with occasional postural activities up until April of 2007. (Tr. 322.) After April of 2007, Plaintiff could only perform sedentary work. (Tr. 323.)

Finally, the VE testified that, based upon his review of the exhibits and the testimony, Plaintiff's past relevant work was that of a housekeeper, which is medium and semi-skilled. (Tr. 324.) He testified that a 52 year old person who (1) has as fifth grade education from Mexico and (2) can read and write very poorly in English could not perform the job of a housekeeper if that person is limited to light work with occasional postural limitations. (Tr. 324.) However, the same person could perform other work as a cleaner, assembler of small parts, and laundry folder (light, unskilled, SVP 2). (Tr. 324-35.) If that person was limited to sedentary work, she could not perform any work available in the regional or national economies. (Tr. 325.)

### C. ALJ's Findings

First, the ALJ found that Plaintiff last met the insured status requirements of the Act on

---

[2] Plaintiff filed these medical records after the hearing. (Tr. 326.)

December 31, 2005. (Tr. 15.) Second, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period of her amended onset date of December 31, 2005 through the date last insured of December 31, 2005. (Tr. 15.) Third, the ALJ found that Plaintiff has the following severe impairments: diabetes, hypertension, status post rotator cuff surgery, status post hernia operation on October 3, 2003, and morbid obesity. (Tr. 15.) He further found that these impairments singly or in combination do not meet or equal the criteria of any impairment in Appendix I of the regulations. (Tr. 15.) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with occasional postural activities. (Tr. 15.) In making this determination, the ALJ found Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms to be not credible. (Tr. 16.) Fifth, he found that Plaintiff was unable to perform any past relevant work through the date last insured. (Tr. 16.) Sixth, the ALJ found that Plaintiff was forty-nine on the date last insured, has a marginal education, and is able to communicate in English. (Tr. 17.) Seventh, he found that transferability of job skills is not material to the determination of disability. (Tr. 17.) Eighth, the ALJ found that, through the date last insured and considering the Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the Plaintiff could have performed. (Tr. 17.) Finally, the ALJ found that the Plaintiff was not under disability, as defined by the Act, at any time from December 31, 2005, the amended onset date, through December 31, 2005, the date last insured. (Tr. 18.)

## II. ANALYSIS

### A. Standard of Review

A claimant must prove that he is disabled for purposes of the Act to be entitled to social

security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove his disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* Once the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of

performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. §405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Having reviewed the applicable legal standards, the Court now turns to the merits of the case.

### B. Issues for Review

Plaintiff argues that: (1) the ALJ erred by not finding Plaintiff's depression to be a severe impairment; (2) substantial evidence does not support the ALJ's finding that Plaintiff's testimony was not credible; and (3) substantial evidence does not support the ALJ's determination of Plaintiff's RFC.

### C. Severity of Plaintiff's Psychological Impairments

In his decision, the ALJ did not find Plaintiff's psychological impairments to be severe or not severe; instead, the ALJ provided no discussion of Plaintiff's depression or anxiety. By failing to include the psychological conditions in the list of severe impairments, the ALJ implicitly found

them to be not severe. *See Bragg v. Comm'r of Soc. Sec. Admin.*, No. 3:06-CV-1409-N, 2008 WL 2378362, *12 (N.D. Tex. June 6, 2008). Plaintiff argues that substantial evidence does not support the ALJ's decision to not include Plaintiff's psychological impairments as severe.[3] She contends that because there was evidence that Plaintiff's depression exacerbated the severity of Plaintiff's obesity, a severe impairment, her psychological impairments should have been found severe. However, even though Plaintiff testified that her depression contributed to her obesity, there is no medical evidence to support this contention. A claimant's testimony by itself cannot satisfy the medical component of the statutory standard. *See* 20 C.F.R. § 404.1528; *see also Wren*, 925 F.2d at 129. There is scant evidence within the record to support Plaintiff's contention that she even had a mental impairment, much less that she had a severe mental impairment. The Court finds that substantial evidence supports the ALJ's finding that Plaintiff's mental conditions were not severe.

Moreover, the ALJ was not even required to evaluate Plaintiffs's alleged mental impairments because Plaintiff did not assert a mental impairment as a basis of her claim. The ALJ's duty to investigate does not extend to possible disabilities that are not alleged by the claimant and not clearly indicated on the record. *See Leggett*, 67 F.3d at 566. Plaintiff did not allege depression or anxiety to be the basis of her claim on her application for disability, in her request for reconsideration, or at the hearing. Although Plaintiff testified that her depression contributed to her obesity, she also testified that she stopped working because she could no longer lift her arms to do the cleaning; she in no way indicated any functional limitations caused by a mental impairment.

---

[3] The Court notes that Plaintiff claims that failure to include Plaintiff's mental impairments in the list of severe impairments constitutes legal error. However, Plaintiff does not specify how the ALJ committed legal error. The Plaintiff does not contend the ALJ used the wrong standard of severity. In fact, the ALJ did cite to *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), in his opinion. After reviewing the arguments, the Court has determined that Plaintiff actually raises a substantial evidence argument.

Plaintiff was represented by counsel at the hearing, and counsel did not ask Plaintiff about her depression at any time. Furthermore, there is no medical evidence to support the contention her depression was disabling. The mere mention of a condition or a diagnosis in the medical records does not establish a disabling impairment or even a significant impact on that person's functional capacity. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Her medical records only show a diagnosis almost two years before her alleged onset date and prescription refills. The Court finds that Plaintiff did not allege any limitation resulting from her depression and such limitations were not apparent from the record. Therefore, the ALJ was not required to consider the condition. *See Leggett*, 67 F.3d at 566.

### D. Credibility Analysis

The ALJ found the testimony of Plaintiff regarding the intensity, persistence, and limiting effects of her symptoms to be not credible. (Tr. 16.) Plaintiff argues that the ALJ's credibility analysis is flawed and not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ erred by failing to provide any explanation for discrediting Plaintiff. The Court agrees.

When the ALJ finds a medically determinable impairment that could reasonably be expected to produce the alleged symptoms, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to perform basic work activities. SSR 96-7p, 1996 WL 374186, *2. This requires the ALJ to make a finding as to the credibility of the individual's statements about the symptom and its functional effects. *Id.* Social Security Ruling 96-7p provides:

> "It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or

decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Here, the ALJ failed to provide any explanation whatsoever for discrediting Plaintiff and, therefore, committed error. *See Prince v. Barnhart*, 418 F. Supp.2d 863, 872-73 (E.D. Tex. 2005). Furthermore, this error likely resulted in prejudice to Plaintiff. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (holding that a claimant establishes prejudice by showing that adherence to the ruling might have led to a different decision). Plaintiff's testimony is not inconsistent with the other record evidence. If the ALJ had considered Plaintiff's testimony to be credible, he would have taken into account her complaints of pain, inability to walk for long distances, and inability stand for long periods of time when determining her RFC. This may have resulted in a different RFC, which would have changed the ALJ's Step 5 analysis completely, where the Commissioner bears the burden of proof. *See Greenspan*, 38 F.3d at 236. The VE testified as to whether jobs existed in the national economy for a person who could perform "light work with occasional postural activities." The VE's testimony does not apply to any other RFC. Because the ALJ erred by failing to provide an explanation for rejecting Plaintiff's testimony and Plaintiff suffered prejudice as a result thereof, the Court finds the decision of the Commissioner should be reversed and remanded for further consideration. *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981) (when an agency violates its own rules and prejudice results, the proceedings are tainted and any actions resulting from the proceeding cannot stand).

The Defendant seems to argue that the ALJ provided the following reason for rejecting Plaintiff's testimony: there is no objective evidence to support Plaintiff's testimony because the only relevant medical evidence is between December 31, 2005, her alleged onset date, and December 31,

2005, her last date insured. Although, the ALJ did point out the lack of sufficient medical evidence during the relevant time period, the Court does not believe that statement was meant to explain his decision on credibility. However, if the statement was meant as an explanation, the Court finds that the credibility determination lacks substantial evidence. All the medical records, even those falling outside the time period from the date of onset through the last date insured, are probative as to the credibility of Plaintiff's statements. Plaintiff's testimony is not inconsistent with her medical records. Therefore, the ALJ has failed to provide a valid reason for rejecting Plaintiff's testimony, and, for the reasons stated above, the Court finds that the Commissioner's decisions should be reversed and remanded for further consideration.

### E. RFC Determination

Because the ALJ's credibility decision affected his RFC determination, the Court finds that it is unnecessary to address Plaintiff's argument that the ALJ's RFC determination is not supported by substantial evidence.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that the decision of the Commissioner be REVERSED and REMANDED for further consideration

SO RECOMMENDED, February 17, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).